IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| JOSHUA TOLBERT,<br><br>   Plaintiff,<br>vs.<br><br>KONCEPT MOTOR CARS,<br>STRAWBERRY ROAD AUTO SALES,<br><br>   Defendants. | NO.9:23-CV-00214-MJT |

**REPORT AND RECOMMENDATION DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is *pro se* Plaintiff Joshua Tolbert's *Motion for Leave to Proceed in Forma Pauperis*. Doc. No. 2; *see* 28 U.S.C. § 1915.

After reviewing Tolbert's application to proceed *in forma pauperis* solely on the basis of financial status, the court finds that he meets the indigence requirements of 28 U.S.C. § 1915. However, pursuant to the court's own motion, the undersigned recommends that the court dismiss the case *sua sponte* because Tolbert has failed to establish this court has subject-matter jurisdiction to entertain this case.

      I.   Complaint

Because Tolbert is proceeding *pro se*, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and, as such, must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

In his complaint, Tolbert alleges he agreed to purchase a 2017 Dodge Charger for $18,500 from Koncept Motor, located in Houston, Texas. However, he cancelled the loan because the vehicle had a mechanical issue with the transmission, rendering it undrivable. Tolbert states he never took possession of the vehicle and seeks a refund of his down payment in the amount of $6,000 that was not returned.

## II.     Federal Court Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction"—here, the plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires that: (1) "the matter in controversy exceed[] the sum or value of $75,000," and (2) that the case be between "citizens of different states." 28 U.S.C. § 1332(a)(1). By contrast, federal question jurisdiction requires that the case "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court does not have subject matter jurisdiction, it must dismiss the case. A federal court is "duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *Robinson v. Beaumont Bone & Joint Inst.*, No. 1:10-CV-643, 2010 WL 5644820, at *1 (E.D. Tex. Dec. 22, 2010) (Hines, J.) (emphasis in original) (internal citation omitted) ("Federal trial courts, moreover, *must* raise lack of subject-matter jurisdiction on their own motions whenever the issue becomes apparent."), *R. & R. adopted*, No. 1:10-CV-643, 2011 WL 251111 (E.D. Tex. Jan. 25, 2011).

Here, from the face of the pleadings, it appears that all the parties are Texas citizens. Moreover, the amount in controversy does not appear to exceed $75,000. Thus, diversity jurisdiction does not exist. Additionally, as Tolbert only alleges state law causes of action for negligence, misrepresentation and perhaps breach of contract, federal question jurisdiction does not exist either. Accordingly, this case should be dismissed for lack of subject matter jurisdiction without prejudice to Tolbert's right to refile his lawsuit in a court with proper jurisdiction.

### III.  Recommendation

Plaintiff Joshua Tolbert's *Motion to Proceed in Forma Pauperis* (Doc. No. 2) is **GRANTED**. However, his *Complaint* (Doc. No. 1) should be **DISMISSED** for failing to establish the court possesses subject-matter jurisdiction to entertain the case.

### IV.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds

of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge